UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRYAN K. BROWN,

           Petitioner,

v.                                            CAUSE NO. 3:19-CV-601-DRL-MGG

WARDEN,

           Respondent.

## OPINION & ORDER

Bryan K. Brown, a prisoner without a lawyer, filed a habeas corpus petition challenging a prison disciplinary proceeding at Indiana State Prison (ISP-18-03-0332) in which a disciplinary hearing officer found him guilty of refusing to submit to testing in violation of Indiana Department of Correction (IDOC) disciplinary offense B-203. Mr. Brown was sanctioned with a loss of 90 days of earned time credits.

The charge was initiated on March 20, 2018 when Investigator W. Parnell wrote the following conduct report:

> On 3-20-18 at approximately 0743a Offender Bryan Brown #941740 was escorted down [to] I & I for a urinalysis screening. At approximately 0815a Brown provided a specimen. The specimen cup did not register a test reading or a temperature. I gave Brown a brand new specimen cup and instructed him to pour the original specimen into the new cup, he did. The second specimen cup also did not register a test reading or a temperature. Brown was told that he needs to provide another specimen and that he will get his 2 hours to provide. Brown said that he won't be able to go, I again explained to him that he gets his 2 hours to provide another specimen. Brown chose not to wait his remaining time of 2 hours and refused to attempt to provide another specimen.

ECF 8-1. On March 22, 2018, Mr. Brown was formally notified of the charge and given a copy of the conduct report. He pleaded not guilty and declined the assistance of a lay advocate. He said he didn't want to call any witnesses but requested video evidence to show that he "went to the bathroom twice" and "wasn't able to go number #1." He also requested "the test result of his urine two cups."

On March 28, 2018, the hearing officer held a hearing on the charge. Mr. Brown declined to make a statement in his defense. The hearing officer noted that no video evidence was available because there was no camera in the bathroom where testing occurred. She also noted that the sample Mr. Brown gave was destroyed because the test cups were defective. Based on the conduct report, the hearing officer found Mr. Brown guilty. Mr. Brown's administrative appeals were denied. ECF 8-5; ECF 8-6.

When prisoners lose earned time credits in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) advance written notice of the charge; (2) an opportunity to be heard before an impartial decisionmaker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974).

Mr. Brown raises one claim in his petition—that his due process rights were violated because he was not given any video evidence and the investigator wrongfully disposed of his urine sample. Mr. Brown had a right to request evidence in his defense, consistent with institutional goals and safety. *Wolff*, 418 U.S. at 566.

As to the video evidence, the record reflects that no such evidence was available, and the hearing officer cannot be faulted for failing to consider evidence that didn't exist. *See id.* at 556. As to the urine sample, Mr. Brown would only have a right to this evidence if it was exculpatory. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). There is no question that Mr. Brown gave a urine sample when he was first requested to do so, but it could not be tested because the testing equipment was defective. Mr. Brown was given additional time to provide a second sample; but, according to the

2

investigator, he refused. That is the conduct for which Mr. Brown was punished, and producing his first urine sample would do nothing to undercut the investigator's account. *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (denial of evidence is considered harmless unless the evidence would have aided the inmate's defense). He has not established a due process violation.

Mr. Brown also suggests that the IDOC Adult Disciplinary Process gave him the right to have his sample sent out for a second test "to make sure it is in fact positive for drugs." This rule would not apply to Mr. Brown, because his sample didn't test positive for drugs, nor was he found guilty of any drug-related offense. Instead, he was found guilty of refusing to provide another sample, despite being given additional time to do so. In any event, the violation of a prison policy would not provide grounds to grant him federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (habeas does not provide a remedy for errors of state law); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies and procedures in prison handbook had "no bearing on his right to due process").

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment in this case.

SO ORDERED.

August 11, 2020                              *s/ Damon R. Leichty*
                                             Judge, United States District Court